# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 08-284V
(Not to be published)

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

T.M. and R.R.M., *parents and natural guardians of* A.P.M., *a minor*,

Petitioners,

v.

SECRETARY OF HEALTH AND HUMAN SERVICES,

Respondent.

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Filed: December 1, 2017

Attorney's Fees & Costs;
Final Award.

*Robert Joel Krakow*, Law Office of Robert J. Krakow, P.C., New York, NY, for Petitioners

*Lynn Ricciardella*, U.S. Dep't of Justice, Washington, DC, for Respondent

### DECISION GRANTING FINAL AWARD OF ATTORNEY'S FEES AND COSTS[1]

On April 17, 2008, the above-referenced Petitioners filed an action on behalf of their minor child A.P.M. seeking compensation under the National Vaccine Injury Compensation Program. An entitlement hearing was held July 28-29, 2015, but Petitioners' entitlement claim was denied. *See* Decision, dated August 9, 2016 (ECF No. 130). Petitioners subsequently filed an unsuccessful Motion for Review of the Decision with the Court. *See* Order denying Motion for Review, dated June 30, 2017 (ECF No. 145) (Wolski, J.). No further appeal was pursued, and judgment dismissing the case has entered.

---

[1] Although I have not designated this Decision for publication, it will nevertheless eventually be posted on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (Dec. 17, 2002) (current version at 44 U.S.C. § 3501 (2014)). As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the posted decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has 14 days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole Decision will be available to the public. (*Id.*)

On November 22, 2017, Petitioners filed a motion seeking a final award of attorney's fees and costs. Motion, dated November 22, 2017 (ECF No. 151) ("Mot."). This is the second fees request in the case's procedural history. On December 23, 2015, Petitioners were awarded a total of $190,093.42 in fees and costs incurred through late-November 2015, based on a stipulation entered into between the parties. *See* Judgment, dated December 23, 2015 (ECF No. 122).

The present fees motion requests an award for time incurred in work on the matter between November 26, 2015, and November 21, 2017, including matters such as post-hearing briefing; briefing of the motion for review; and a motion to redact the entitlement decision. Tab 2 to Mot. (ECF No. 151-2) at 1-9. Petitioners seek fees for the work of the two attorneys who represented them (Robert Krakow and Susan Lee), plus some paralegal tasks performed by the same counsel (but billed at a paralegal rate). *See, e.g.,* Tab 2 at 9. The sum total requested is $34,989.60, and includes no request for reimbursement of attorney costs such as copying (which have been expressly waived). All costs incurred by Petitioners individually during the case's pendency have otherwise already been paid in connection with the parties' interim award stipulation, and Petitioners request no additional personal costs. Mot. at 2.

Respondent filed a document reacting to the fees request on November 30, 2017, indicating that he is satisfied that the statutory requirements for an award of attorney's fees and costs are met in this case, but deferring to my discretion the determination of the amount to be awarded. ECF No. 152 at 2-4.

I have previously discussed in detail the legal standards applicable to fees requests in unsuccessful cases. *R.V. v. Sec'y of Health & Human Servs*., No. 08-504V, 2016 WL 7575568, at *2-3 (Fed. Cl. Spec. Mstr. Nov. 28, 2016), *citing Lemaire v. Sec'y of Health & Human Servs.,* No. 13–681V, 2016 WL 5224400, at *3–4 (Fed. Cl. Spec. Mstr. Aug. 12, 2016). I find in this case that a final award of fees is appropriate, because the claim possessed reasonable basis even though the Petitioners did not prevail.

Applying the lodestar method of fees calculation,[2] I hereby find that the hourly rates requested by Petitioners for the work of their counsel are reasonable, and consistent with my prior fees decisions in comparable circumstances and involving the same counsel. *See R.V.,* 2016 WL 7575568, at *2. I also find that the time expended on the matter since November 2015 was reasonable, and do not see the wisdom in this case of reducing the total award requested for any other reason. *But cf. R.V.,* 2016 WL 7575568, at *3-5 (reducing by 50 percent a request for final fees in an unsuccessful case involving an autism injury claim; sum requested was close to $90,000, on top of $200,000 already paid to counsel).

---

[2] The lodestar method involves a determination of a reasonable hourly rate for an attorney's work, multiplied by reasonable hours expended on the matter. *R.V.,* 2016 WL 7575568, at *2, *citing Hudson V. Sec'y of Health & Human Servs.,* No. 15-114V, 2016 WL 3571709, at #*2-5 (Fed. Cl. Spec. Mstr. June 3, 2016).

I hereby GRANT Petitioner's motion for a final award attorney's fees and costs. Accordingly, an award of **$34,989.60** should be made in the form of a check payable jointly to Petitioners and Petitioners' counsel, Robert J. Krakow, Esq.. Payment of this amount represents all attorney's fees and costs available under 42 U.S.C. § 300aa-15(e). In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the Court **SHALL ENTER JUDGMENT** in accordance with the terms of this decision.[3]

**IT IS SO ORDERED.**

/s/ Brian H. Corcoran
Brian H. Corcoran
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment if (jointly or separately) they file notices renouncing their right to seek review.